DANIEL GREEN *vs.* THE ESTATE OF AMOS WHITING, deceased.

A writ of error to a probate court, is demandable as a writ of right, out of this court; or it may be obtained from the clerk of the probate court by virtue of the act of May 13th, 1837.

When a case is dismissed by this court for want of jurisdiction, no judgment for costs can be given; the party who brings the case into court, would be liable to the officers, in another form, for their fees and costs.

DANIEL GREEN, in a petition setting forth the merits of his case, prayed this court to grant him a writ of error to the probate court of Claiborne county, to have the proceedings of that court, with reference to the estate of Amos Whiting, deceased, revised.

It is not deemed necessary in this stage of the case, to enter into the merits of the controversy.

*J. Crapoo,* for petitioner.

1. Will a writ of error lie from the high court to the probate court? The section of the statute under which this writ is claimed, (How. & Hutch. p. 538, § 39, is as follows:) "No writ of error shall be allowed by the supreme court, or any judge thereof, unless such court or judge shall be of opinion from an inspection of the record, judgment or decree, that there is good cause to reconsider the said judgment or decree." If it had been intended to restrict the writ of error, to judgments at law, the term decree would not have been used in this section at all.

2. It is a term which is never used in reference to a court of law. It belongs technically to courts of probate, courts of equity and courts of admiralty. If a writ of error will not lie to reverse the decree of the court of probates, or the court of chancery, then the term decree, as used in the statute, is utterly without meaning.

It is certainly as much within the power of the legislature to authorize this court to revise a decree on a writ of error, as it is to authorize it to revise a judgment at law on an appeal.

An appeal is the appropriate remedy to revise in the court above a decree rendered in the court below, as a writ of error is to reconsider a judgment at law; but the legislature have authorized the court to reconsider judgments at law on an appeal, as well as on a writ of error.  And in the statute above quoted, authorizing this court to issue writs of error, both judgments and decrees are named; and it seems plain that the writ of error applies as much to a decree as to a judgment, and if to a decree, then as much to a decree in the court of probates, as in any other court.

And I may add that all the counsel of this court, with whom I have conversed on this subject, are of opinion that a writ of error will lie from this court to the court of probates.

The only objection of any weight that can be urged, is that, § 6, p. 150, Rev. Code, authorizes this court to grant writs of error to the judgments, or decrees of the circuit court of law, or superior courts of chancery, and therefore that the 39th §, How. & Hutch. had special reference to § 6, p. 150, Rev. Code; but this last section was passed 28th June, 1822, and the first, the 29th June, 1822, it could not therefore.  The section in H. & H. could not therefore have such construction, as the other section had no existence.  But another, and the strongest is, that the section under which the writ is claimed, has reference to the circuit court only; all that I can urge to this is, that it is general in its phraseology, and should be construed liberally.

3.  The act of the 13th May, 1837, How. & Hutch. p. 541, § 50, seems broad enough in its provision to cover any case in any court, although that is a provision where the clerk of the court below issues the writ on a petition to him.  If the clerk of the probate court may issue a writ of error under the last cited act, may not the high court issue one under § 39, p. 538, How. & Hutch. ?

The plaintiff in this case, has fully made out his case agreeably to the principles laid down by this court in 5 How. p. 652. *Green* v. *Tunstell*, which case being the same as this, it would be hard that the plaintiff should fail, where he had literally pursued the directions laid down in that case; on that case return-

ing to the probate court of Claiborne, Green obtained the decree of the probate court on first settlement, which fully ascertained the amount of the liability of Tunstell, which was sufficient to maintain an action against the sureties on the administration bond.

If the court are not unanimous on the granting of the writ, I do not wish it, as I feel no doubt that the clerk of the probate court can issue it under the act of the 13th May, 1837.

4. On the question of costs, if the bond given to Leighton was void, how can the court enter judgment on it?

*J. H. Maury,* for the estate of Whiting, deceased.

I oppose the granting a writ of error.

1. Because an appeal upon the same case has been dismissed in this court.

2. Because a writ of error does not lie from this court to the probate court.

3. And especially because this court, on an inspection of the record, will discover no error in the proceedings, orders, or judgment of the probate court.

1. The appeal was dismissed, because the record was defective, and not such as entitled the party to his appeal. The probate court ought not to have granted the appeal, yet it was granted and brought to this court, and by a judgment of this court dismissed (with an affirmance of the judgment below.) As to the affirmance the court doubts, and the doubt rests on the question of jurisdiction. If this court had no jurisdiction, because the bond was defective, any proceeding or judgment in favor of either party, would have been absolutely void. Yet if the appellee had entered no objection to the bond, and opened the record, and had the judgment of this court against him, he would have been bound by it. Or if the appellee had waived objection to the bond, and gone on to a trial, and had judgment against him, he would have been bound by it, which shows that the court had jurisdiction; for jurisdiction cannot be conferred by a waiver, or even by an agreement of the parties. It would be monstrous to say that the validity of all the judgments heretofore rendered by this court, depend, even now, on the question,

whether the appeal or writ of error bonds were formal or inform-
al? I conclude, then, that the appeal was brought up irregu-
larly; the court had jurisdiction of the case, and instead of dis-
missing or striking off the case, for want of jurisdiction, there
should be judgment. If the appeal brought here, was such as
gave this court jurisdiction to enter judgment of dismissal, then
section 32, How. & Hutch. p. 53, applies, and expresses the
meaning of the legislature in terms too plain to be obviated by
any manner of construction.

2. An appeal to this court, according to my view of it, is no-
thing more or less than a writ of error in effect and substance;
because it brings up only questions of law. It is what in some
States is called an " appeal in the nature of a writ of error." If
it may be substituted by a writ of error, taken upon a judgment
of the probate court within three years, or at an indefinite time,
where the policy, the sense of the extreme caution of the legis-
lature, as evinced in section 20, p. 473, where the party appeal-
ing is required to notify his intention immediately, so that the
testimony may be reduced to writing, where he is required to
enter his appeal within three days, and take it up within thirty
or sixty days, according as the decision may have been made on
summary or plenary proceedings?

The proceedings in the probate court are generally conducted
in a summary way, and decisions given on oral evidence, which
is never recorded unless the party is notified that an appeal will
be taken, and if a writ of error may be taken at any time with-
out such notice, the party intending to take it, has nothing to do
but to keep his intentions to himself, to insure the entrapment
of his adversary. I conclude, therefore, that a decision of the
probate court can be revised in this court only through an ap-
peal; and this conviction is strengthened by authority. See 1
Salk. 263. Bac. Ab. title Error, Graham's Prac. 931, where it
is said that a court of error lies only to a judgment of a court
" acting according to the course of the common law." The pro-
bate court does not act according to the proceeding of the com-
mon law.

Section 50, p. 541 of How. & Hutch. where clerks are author-

ized to grant writs of error upon the judgments of any court of this State, must be construed to extend to the judgments of those courts, that by law could be reached by writs of error, otherwise it would extend also to the judgments of courts martial, police courts, corporation, county, and possibly to justices of the peace, who keep records and perform themselves the office of clerk.

3. A writ of error will not be granted in this case, because the record shows no error. 1. The administrator of Whiting had no notice of the party's intention to take the appeal, and, therefore, omitted to record his evidence. 2. Green, himself, has not placed on the record anything to show that the court ought to have decreed differently ; his bill of exceptions shows nothing but a bond, an administration . bond, which is not "*per se*," a cause of action.

On this branch of the question, I beg to refer the court for further reasons against granting the' writ of error, to a crude sketch of an unfinished brief that I had prepared in the appeal before entering the motion to dismiss it.

Mr. Justice THACHER delivered the opinion of the court.

This is a petition to this court to grant a writ of error to the probate court of Claiborne county.

Upon a careful examination and comparison of the statutes of this State, relative to writs of error, we have arrived at the conclusion that a writ of error to a probate court, is demandable as a writ of right out of this court, by virtue of the act of February 10th, 1830, or it may be obtained from the clerk of the probate court, by virtue of the act of May 13th, 1837.

*The petition is therefore granted.*

Mr. Justice CLAYTON delivered the following opinion :

Upon the question of costs, submitted in connection with this petition, we are of opinion, that when a case is dismissed by this court for want of jurisdiction, no judgment for costs can be given. The court have no authority to make any order beyond a direction to strike the cause from the docket. The party who brings this case into the court, would be liable to the officers in another form of proceeding, for their fees and costs.